## Mary Ann Askew

### *v.*

## Zachariah Hudgens.

*Filed at Mt. Vernon June 21, 1881.*

1. ADMINISTRATOR—*compensation of—commissions.* There is no warrant of law for allowing an administrator, as compensation for his services, a sum exceeding six per centum on the amount of the personal estate. Where the court allows him six per centum on the personal estate, and $1.50 per day for forty days' services, making $60 in excess of the six per centum, this excess of allowance will be erroneous.

2. From the superior facilities of the county judge, and his familiarity with the affairs of the estate, with the labor and difficulty attending its settlement, and with the amount of any former allowances, he is better enabled to fix the compensation of administrators than an appellate court, and when he has fixed the same, it should be a plain case to justify another court in increasing the amount.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Williamson county; the Hon. D. M. BROWNING, Judge, presiding.

Mr. GEO. W. YOUNG, for the appellant:

This record presents the question of what is a reasonable compensation to be allowed to an administrator of an estate; and also the proper construction of section 133, chap. 3, Hurd's Stat. 1880, p. 121.

This section of the statute has only once been before this court, and only the latter part of it has been construed. *Hough* v. *Harvey et al.* 71 Ill. 72.

The rule that a trustee can have no allowance for his time and trouble in executing the trust, applies also to executors, etc. Perry on Trustees, sec. 904; *Hough* v. *Harvey et al. supra.*

Administrators, etc., are not allowed to speculate on their trusts. A reasonable compensation is all the law provides. *Bassett* v. *Williard,* 27 Ill. 38.

Messrs. CLEMENS & BURTON, for the appellee:

The allowance to appellee of six per cent commissions on assets collected and disbursed by him, is permitted by the statute, and the courtesy and respect given to the findings, etc., in the trial courts, unless palpably wrong, will not dictate a reversal of the judgment below.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On August 25, 1879, Zachariah Hudgens, administrator of the estate of Oliver H. Wiley, deceased, presented to the county court of Williamson county, sitting for probate business, a report of his acts and doings as such administrator from November 26, 1877,—the time of his last report.

Among the items of credit claimed by the administrator were the following:  W. W. Clemens, attorney fee, $50; per diem of administrator about business of estate, since last report, 40 days, at $1.50 per day, $60; railroad fare and hotel bills about business of the estate, $23.80; by commission on disbursements and credits asked at this term, being $13,638.52 at 6 per cent, $818.31.  All these items were allowed except the last, for commission, which was reduced to $375.95, the allowance by the court in this respect being: on $1000, at 6 per cent, $60; on $6319.26, at 3 per cent, $189.57; on $6319.26, at 2 per cent, $126.38; total, $375.95.

Upon appeal by the administrator from this allowance of commissions to the circuit court, that court allowed the full amount of commissions as asked by the administrator in his report, to-wit: $818.31, which last order of allowance, on appeal to the Appellate Court for the Fourth District, was affirmed, and an appeal taken to this court.

There was clearly error in the allowance of this full amount of six per cent commission, $818.31, claimed by the administrator.

The statute in this regard is as follows:  "Executors and administrators, shall be allowed, as compensation for their

Opinion of the Court.

services, a sum not exceeding six per centum on the amount of personal estate, and not exceeding three per centum on the money arising from the sale of real estate, with such additional allowances for costs and charges in collecting and defending the claims of the estate and disposing of the same as shall be reasonable." Rev. Stat. 1874, p. 127, sec. 133. There is thus no warrant of law for allowing to administrators, as compensation for their services, a sum exceeding six per centum on the amount of the personal estate. But here the administrator gets an allowance exceeding that sum. He has allowed to him a compensation of $1.50 per day for 40 days' services, amounting to $60, and then, in addition, has the allowance of this full sum of six per centum. This excess of allowance is plainly erroneous.

This is sufficient for the reversal of the judgment, but we would say of the order of allowance in other respects, that we see no sufficient reason for increasing the allowance as made by the county judge. The county judge, from his familiarity with the affairs of the estate, with the labor and difficulty attending its settlement, and with the amount of any former allowance he may have made, enjoys peculiar means of knowledge for determining what would be the proper amount of compensation to be made to the administrator for his services. And when such judge, in view of all circumstances, has exercised his judgment in the matter, and determined what is the proper compensation to be allowed to the administrator for his services, it should be a plain case of the wrongful exercise of judgment which would justify another court in increasing such allowance. We do not regard the present as such a case.

The judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*