## Harriet Elder et al. v. F. K. Whittemore, Administrator of the Estate of Hiram Walker, Deceased.

1. ADMINISTRATION OF ESTATES—*Exception to Administrator's Report.*—Persons excepting to an administrator's report are required to specify such items or portions thereof as they intend to question by particular exceptions thereto.

2. ADMINISTRATION OF ESTATES—*Character of Exceptions to Administrator's Report.*—Exceptions to an administrator's report may be as well for what is claimed to be improperly omitted from the report as upon what is claimed to be untruly stated therein.

3. ADMINISTRATION OF ESTATES—*Overruling Exceptions to an Administrator's Report.*—If exceptions to an administrator's report are overruled, and the report approved, the order of approval, though general in terms, is understood to be specific as to each item stated, and the omission of each, the omission of which is made a ground of a specific exception. Each of these items is separate from all others, and the order of approval as applied to one, is wholly independent of the same as applied to others.

4. APPEALS—*From an Order Approving Administrator's Report.*—Where exceptions are filed to an administrator's report, the only issues made are upon such specific exceptions. Hence, an appeal from the order as applied to one item, whether the exception be to the item as stated or for its omission, does not embrace it as applied to the other, and the only question before the Appellate Court is upon the order or judgment upon the exceptions appealed from.

5. COUNTY COURTS—*Original Jurisdiction in the Administration of Estates.*—The County Court is a court having original jurisdiction of the settlement of estates. When appeals are taken from it to the Circuit Court, that court exercises appellate jurisdiction, and acting as an appellate court it can entertain no matter not before the County Court, and not appealed from.

Elder v. Whittemore.

6.  PRACTICE—*On Appeal from a Final Order Approving an Adminis-trator's Report.*—The trial of an appeal from an order overruling excep-tions to an administrator's report and approving the same, in the Circuit Court, is *de novo*, but a new case, by amendment of, or addition to the exceptions filed in the County Court, can not properly be made.

7.  EXCEPTIONS—*To Administrator's Report—Practice.*—Under an exception to an administrator's report " because the commissions charged by said administrator are excessive," evidence tending to show that he had received interest and made profits not accounted for, is not admis-sible.

8.  ADMINISTRATORS—*Power of County Judge to Fix Commissions.*—The county judge, from his familiarity with the affairs of an estate, with the labor and difficulty attending its settlement, and with the amount of any former allowances he may have made, enjoys peculiar means of knowl-edge for determining what would be the proper amount of compensation to be made to the administrator for his services.  And when such judge, in view of all circumstances, exercises his judgment in the matter and determines what is the proper compensation to be allowed to the admin-istrator for his services, it must be a plain case of the wrongful exercise of judgment which would justify another court in increasing such allowance.

9.  ADMINISTRATORS—*Commissions on the Moneys in the Hands of Heirs.*—Where an administrator settled with the heirs of the deceased, paying them the amount of their distributive shares, less certain amounts owing by them to the estate, taking their receipts for the whole amounts, *it was held,* that he was entitled to his commission on the amounts owing by the heirs to the estate.

10.  ADMINISTRATORS—*Right to Commissions in Cases of Foreclosure.* —Where an administrator held a deed absolute in form, but under an agreement to reconvey it upon payment of the notes, they having been paid only in part, the administrator treated the deed and agreement as a mortgage and filed a bill to foreclose; bought in the property at a sale under the decree for $7,500, being less than the amount of the decree, and afterward conveyed it to the heirs.  *It was held,* that he was entitled to commissions upon the sum for which he obtained the property.

**Memorandum.**—Administration of estate.  Error to reverse an order entered by the Circuit Court of Sangamon County, approving an admin-istrator's report on appeal from the County Court; the Hon. JACOB FOUKE, Judge, presiding.  Heard in this court at the May term, 1893, and affirmed.  Opinion filed November 27, 1893.

The opinion states the case.

BRIEF FOR PLAINTIFFS IN ERROR, PATTON & HAMILTON, ATTORNEYS.

An administrator must account for interest and profits received by him on funds in his hands belonging to the es-

tate he represents. Rowan v. Kirpatrick et al., 14 Ill. 1; Whitney v. Peddicord, 63 Ill. 249; Hough v. Harvey, 71 Ill. 72; Curtis v. Brooks, Id. 125; 7 Am. & Eng. Ency. 426; Field et al. v. Gatton, 7 App. 379; Schouler on Exs. & Adms., Sec. 538; 11 Am. & Eng. Ency. 398.

They are mere trustees, and should account for all interest and profits derived from the fund. Bond v. Lockwood, 33 Ill. 221; Ogden v. Larrabee, 57 Ill. 398; Asay v. Allen et al., 124 Ill. 391; Lehmann v. Rothbarth, 111 Ill. 185.

Appeals are allowed from all judgments, orders or decrees of the County Court, in all matters arising under the administration act, to the Circuit Court. Sec. 124, Chap. 3, Starr & Curtis.

And such appeals shall be tried *de novo*. Sec. 240, Chap. 37, S. & C.; People ex rel. v. Prendergast, 117 Ill. 588; Randolph et al. v. People, 130 Ill. 533.

The County Court, in the settlement of estates, has equitable as well as legal powers. Dixon v. Buell, 21 Ill. 203; Hurd v. Slatter, 43 Ill. 348; In re Steel et al., 65 Ill. 322; Wadsworth v. Connell et al., 104 Ill. 369; Brandon et al. v. Brown, 106 Ill. 519; Millard v. Harris, 119 Ill. 185; Covington Estate, 124 Ill. 363.

BRIEF FOR DEFENDANT IN ERROR, CONNOLLY & MATHER AND BROWN, WHEELER & BROWN, ATTORNEYS.

The plaintiffs in error exhibited their exceptions, ten in number, in the County Court. From the judgment overruling these exceptions they appealed to the Circuit Court. These exceptions presented the only issue for the Circuit Court to try. The Appellate Court could form no other issue. The order appealed from was separate and distinct from every other question arising on the administrator's report. Curtis v. Brooks, 71 Ill. 125; Morgan, Adm'r, v. Morgan, 83 Ill. 196; Millard v. Harris, Ex'r, 119 Ill. 185; 17 Ill. App. 512.

Each item and claim in the administrator's account depended alone on its own merits, having no connection with the other items, and when allowed and no appeal taken, can

not be questioned, unless possibly for fraud or mistake. We call the attention of the court to the case of Kingsbury v. Powers, 131 Ill. 182.

The County Court, in making the allowance of commissions to an administrator, is the best judge of what is fair and reasonable, and there should appear a plain case of the wrongful exercise of judgment before another court would be authorized to change it. Askew v. Hudgens, 99 Ill. 468.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Defendant in error was appointed May 12, 1885, and administered an estate of nearly $300,000, consisting mainly of notes secured by mortgage and some municipal bonds. His first report was filed June 28, 1887, his second February 11, 1889, and his third and final, February 26, 1890. Upon the coming in of the last, plaintiffs in error, heirs of the deceased, filed exceptions to all, which were overruled by the County Court and an order made discharging the administrator from further liability. An appeal was taken by the heirs to the Circuit Court. In the course of the investigation there, these reports were amended in certain particulars relating to the matters involved, most of the exceptions overruled, and an order made requiring the administrator to make up and submit to the court an itemized and detailed account of all receipts, payments, outlays and disbursements by him as administrator of said estate from the commencement of his administration. In pursuance thereof he filed his report October 5, 1892, which was approved and the administrator discharged, whereupon the heirs sued out this writ of error.

It is claimed that the Circuit Court erred in refusing to admit evidence that defendant in error loaned money of the estate in his hands at interest and failed to account for it, and also evidence that he used such funds in his private business and made profit therefrom.

Defendant in error was cashier of the State National Bank of Springfield, and it is said his reports as administrator show that, during all the time from the close of the

first year of his administration until the final distribution he must have had in his hands moneys of the estate amounting to a hundred thousand dollars, and that from the facilities afforded by his position as a banker for making loans it is to be presumed that he so used more or less of this fund.  He was asked on the hearing, if he did not loan out the money he collected as administrator and get the interest on it, and if he did not put the money so collected and mix it with his private funds, and keep the account in his individual name in the bank and check it out in that way in his own personal business; to which questions and each of them objection was made and sustained, and to these rulings exception was duly taken.

There is no doubt of the liability of an administrator, as of any other trustee, to account for interest or profit actually received or made from the trust fund in his hands, nor is any question or concession made of the strength of the presumption from the fact stated, that the defendant in error had actually received such interest or made such profit in this case.  The ground of the objection and of the ruling was that not one of the ten exceptions filed in the County Court related to the subject-matter of these questions, and that matter therefore was not relevant to any issue before the court.

To obviate this objection, plaintiffs asked leave to file additional exceptions, but the court refused to grant it; which is the principal cause of complaint by the plaintiffs in error.

The jurisdiction of the County Court in this matter was original.  (Art. VI, Sec. 12 of the Constitution.)  That of the Circuit Court was appellate only.  (R. S., Ch. 3, Sec. 124.)  The report in question was a final report.  It purported to present to the court an account of the entire administration, for its judgment and approval, and the discharge of the administrator from further liability as such. The heirs denied that it was true and just.  But according to the settled practice they could not do so by an objection in the nature of a plea of the general issue, putting upon

the administrator the burden of proving each and every item. In making his report he had acted under oath and bond to make it full, just and true. It could hardly be that in any such case there would not be many items that would be true, satisfactorily proved by accompanying vouchers or other evidence, and admitted by those interested in the estate and its settlement. Therefore they should be and are required to specify such as are intended to be questioned by particular exception thereto. These exceptions may be as well for what is claimed to be improperly omitted from the report as upon what is claimed to be untruly stated therein. If they are overruled and the report approved, the order of approval, though general in terms, is understood to be specific as to each item stated, and the omission of each, the statement or omission of which was made the ground of a specific exception. Each of these items is separate and distinct from all others, and the order of approval as applied to one is wholly independent of the same as applied to others. In short, the only issues made are upon such specific exceptions. Hence an appeal from the order as applied to one item, whether the exception be to the item as stated or for its omission, does not embrace it as applied to any other, and the only questions before the Appellate Court are upon the order or judgment upon the exceptions appealed from. These propositions seem to be well sustained by repeated decisions. Millard v. Harris, 119 Ill. 185; Morgan v. Morgan, 83 Id. 196; Curtis v. Brooks, 71 Id. 125; Harris v. Millard, 17 App. 512. The same rule is applied to accounts of guardians. Kingsbury v. Powers, 131 Ill. 182.

The order of the County Court was a final judgment of the only court having original jurisdiction of the matter, upon all the questions that plaintiffs in error saw fit to raise therein. They did not involve any claim that defendant in error had actually received any interest or made any profit from the trust fund. That court might have entertained such claim and exercised its equitable as well as its legal powers to ascertain the facts relating to it. Such claim

would have been entirely separate and distinct from any that were made. No reason is perceived why it was not then made. All of the facts and presumptions on which it was sought to be made in the Circuit Court were as well known as they have since come to be. Even after the final order was made, that court, in the exercise of its equity powers, might have corrected the account for fraud or mistake.

But we do not know of any authority or power in the Circuit Court, purely appellate, to entertain, on appeal, this new and original claim for interest and profits. The trial of what was properly triable in that court was *de novo*, but a new case by amendment of or addition to the exceptions filed in the County Court, could not properly be made. Bennett v. Hannefin, 87 Ill. 31, the only Illinois case cited for plaintiffs in error upon this point, which holds that a guardian's report which is simply an account of his receipts and disbursements, does not purport to be final nor ask for a discharge, nor make any claim for commissions, and the order of the court approving the same, will not be regarded as a final settlement of his account and can not be urged as a bar to a citation for a final accounting, does not seem to be pertinent. The question here relates to the extent of the power of the Circuit Court upon appeal from the order of the County Court on exceptions to a report of the administrator which is conceded to have been a final report.

But the first exception filed was "because the commissions charged by said administrator are excessive," and it is insisted that as bearing upon the question thereby raised, evidence of his receipt of interest and profits from the trust funds for which he failed to account was admissible; that in determining the amount of commissions to be allowed, the court should consider whether he has been faithful to his trust, and how much of the estate he has wrongfully appropriated to his own use, and deduct it from what would otherwise be allowed for commissions, by set-off and penalty.

This would have been to do indirectly what the court had no power to do directly—really, to take original jurisdiction in a matter of settlement of the estate of a deceased person

and of the accounts of the administrator, which the consti-
tution gives to County Courts only.   Could the evidence
have been heard, and had it established the fact that he had
received interest and made profits not accounted for, it
would have been the duty of the court to charge him with
the amount so made and received, as part of the estate,
without reference to the question of commissions, and then
allow him for commissions as on the whole case should ap-
pear to be just, upon the value of the estate as increased by
the charge.   And while it may be that upon exception sus-
tained for omitting to charge himself with interest and
profits, the court might have considered that fact as affect-
ing his claim for commissions, we apprehend the converse
of that proposition is not true.   Under an exception for ex-
cessiveness of commissions charged upon the value of the
estate reported, it would not be competent to show a sub-
stantive and distinct part of the estate received by him but
not reported.

Defendant in error was allowed by the County Court for
commissions six per cent on the amount of the personal
estate, which is the maximum authorized by the statute.  R.
S., Ch. 3, Sec. 132.

It is said that considering the magnitude of the estate and
the fact shown that it was in such condition as to be settled
with comparatively little difficulty or labor, this allowance
was unreasonable.

While we would have been quite as well satisfied if it
had been five or even four per cent, yet both of the courts
below having approved it as it was claimed, we do not feel
qualified to reduce it on the general ground stated.

In Agnew v. Hudgens, 99 Ill. 468, the Supreme Court,
reversing the judgment of the Appellate Court, which
affirmed that of the Circuit increasing the amount allowed
for commissions by the County Court, said: "The county
judge, from his familiarity with the affairs of the estate, with
the labor and difficulty attending its settlement, and with
the amount of any former allowance he may have made, en-
joys peculiar means of knowledge for determining what

would be the proper amount of compensation to be made to the administrator for his services. And when such judge, in view of all circumstances, has exercised his judgment in the matter and determined what is the proper compensation to be allowed to the administrator for his services, it should be a plain case of the wrongful exercise of judgment which would justify another court in increasing such allowance."

A bond in half a million of dollars was required of the defendant in error; his responsibility was very great and his work, as exhibited by his reports, shows ability and care, which in all lines command and deserve a proportionate compensation. We would require as plain a case of the wrongful exercise of judgment by the County Court, to decrease as to increase the amount of its allowance, and we can not well say this is plainly such a case.

The ground of the second exception was that the defendant in error charged commissions on moneys in the hands of the heirs, and which never passed through his hands as administrator. It appeared that several of the heirs were owing the decedent different amounts, aggregating about $26,000. The administrator made satisfactory settlements with them and paid to each his distributive share, less what was so owing the estate, and took his receipt for the full amount of such share. And thus it is true that this indebtedness was not actually paid into his hands. But it is clear that for all purposes of law and right, he collected and disposed of it for the estate and as administrator. To have received it with one hand as assets and paid it back with more, as distributive share, with the other, would have been an idle and superfluous ceremony, which the law would not require. We think the court properly treated it as part of the estate in his hands.

The sixth exception was for charging commission on the proceeds of the sale of certain real estate of Isaac H. Gray. Decedent, holding notes of Gray, received from him a deed of said property, absolute in form, but under an agreement to reconvey it upon payment of the notes. They had been paid only in part. The administrator treated the deed and

agreement as a mortgage, filed a bill to foreclose, bought in the property at a sale under the decree for $7,500 — being less than the amount of the decree — and afterward conveyed it to the heirs. The question is as to his right to charge commissions upon the sum for which he obtained the property. It is contended that the transaction between decedent and Gray did not constitute a mortgage, but a sale upon condition; and that it became absolute upon default of Gray to pay, as provided by the agreement, so that the title was already in the heirs of decedent when the bill to foreclose was filed, and the foreclosure proceedings wholly unnecessary.

It appears that the administrator acted under and in pursuance of advice of counsel. We think their advice was proper, and that the transaction amounted to a mortgage. The heirs could not hold the absolute title to the land while the administrator held the unpaid notes of Gray. We see no error in allowing the commissions complained of in this exception. And no others being urged in argument here, the judgment of the Circuit Court will be affirmed.