### James Coleman, et al., v. Jennie Swick.

#### Gen. No. 11,799.

1. ADOPTED CHILD—*heirs of.* The adopted parents and their heirs are not the heirs of their adopted child.

2. ADOPTED CHILD—*who not entitled to inherit from illegitimate child of.* Where an adopted child has received property from its adopted parents and dies, leaving an illegitimate child as the heir of such property, and such illegitimate child dies, leaving no child nor descendant of a child, nor any parent, nor brother, nor sister, nor any descendant of such, nor any surviving husband, the natural heirs of such adopted child take nothing.

Contest in court of probate. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1904. Reversed. Opinion filed March 13, 1905.

Statement by the Court. This is an appeal from a judgment of the Circuit Court, rendered on appeal from the Probate Court. The bill of exceptions recites that proof was made of the following facts:

First. Nellie German, the decedent, was born on or about January 18, 1878, and was the illegitimate child of the claimant, Jennie Swick, whose name at that time was Jane Evans. At the March term, 1880, of the County Court of Knox County, Illinois, by an order duly entered by said County Court of Knox County, Illinois, the said

(381)

Nellie German was legally adopted by Betsey E. German and her husband, John E. German, the said mother, Jane Evans, as a part of said procedure having filed her written consent to said adoption.

Second. That said Betsey E. German, the mother of said Nellie German by adoption, died intestate on or about the 30th day of March, 1889, without issue or descendants of such, but leaving her husband, said John E. German, and her adopted daughter, Nellie German, her surviving.

Third. The said John E. German, father of said Nellie German by adoption, afterwards on or about the 24th day of November, 1892, died intestate, leaving him surviving said Nellie German, his daughter by adoption, Lulu N. German, his second wife, his widow, and Maude S. German and John E. German, Jr., children by said second marriage, his only heirs at law or descendants of such.

Fourth. Afterwards and on or about the 30th day of June, 1898, the said Nellie German died intestate, leaving Myrtle J. German, her illegitimate child, her only heir at law or descendant of such, her surviving. Said Myrtle J. German died intestate on or about the 22d day of September, 1898, being less than four months of age, and leaving her surviving neither child or descendants of any child, and no parent, brother or sister, or descendant of any parent, brother or sister, and no husband surviving. On August 17, 1898, one Myron W. Whittemore was appointed administrator of the estate of said Nellie German, deceased, by the Probate Court of Cook County, and on June 5, 1900, one Arthur W. Fulton was appointed administrator of the estate of the said Myrtle J. German, deceased, by the same court, and both of said administrators are still acting as such and both of said estates remain unclosed.

Fifth. The only heirs at law of said Betsey E. German living at the time of the death of the said Myrtle J. German, were James Coleman, Nathaniel Coleman, William Coleman, Isabel Pilgrim and Margaret R. Addis, who were brothers and sisters respectively of the said Betsey E. German, and all of whom are still living.

The only heirs at law of the said John E. German living at the time of the death of said Myrtle J. German, were Maude S. German and John E. German, Jr., his children by the second marriage, and both of whom are still living.

Sixth. At the time of her death the said Betsey E. German was seized and possessed of certain real estate located in Knox County, Illinois, and which she had derived by conveyances from her mother. Said real estate on the death of said Betsey E. German passed by descent to her adopted daughter, the said Nellie German, subject to the homestead and dower rights of the said John E. German, and which homestead and dower rights terminated upon the death of said John E. German, as aforesaid.

After the death of both John E. German and Betsey E. German and shortly before her own death, the said Nellie German caused said real estate to be sold and the proceeds thereof, amounting to about $8,000, were, after her death, turned over to her said administrator and constituted the sole assets of her estate. The only property owned by the said Myrtle J. German, or to which she was entitled, at the time of her death, was her undistributed share of the estate of Nellie German, her mother, which estate, as above stated, consisted exclusively of proceeds of property inherited by the said Nellie German from Betsey E. German, her mother by adoption.

The distributive share of the said Myrtle J. German in the estate of her mother, the said Nellie German, had not been paid over or come to the possession of the said Myrtle J. German during her lifetime nor to her administrator since her death, but still remains undistributed in the hands of the administrator of the estate of Nellie German, deceased, and for the purpose of saving any unnecessary expense, it was agreed by all the parties herein that the share of the said Myrtle J. German in the estate of said Nellie German should be paid by the administrator of said estate of Nellie German, deceased, direct to the persons who are finally determined to be entitled thereto after paying all just claims allowed against the estate of said Myrtle J. German and

costs of administration therein due, instead of turning the same over to the administrator of the estate of said Myrtle J. German, deceased, for distribution by him.

The cause was heard in the Circuit Court by the court without a jury, by agreement of the parties, and the court held that appellee is entitled to inherit all of the property of which Myrtle J. German died seized or possessed, in the hands of the administrator of the estate of Nellie German, and ordered accordingly.

The Probate Court, on the contrary, found and ordered as follows :

" That Jennie Swick is not entitled to inherit from Nellie German or Myrtle J. German the property described in the inventory in this estate, said property having been inherited by said Nellie German from and through Betsey E. German, the adopted mother of said Nellie German, and by Myrtle J. German from her mother, Nellie German.

That said property, under the statute, descends to and should be distributed among the heirs of said Betsey E. and John E. German, parents by adoption.

That the heirs of Betsey E. and John E. German alive at the time of the death of Myrtle J. German and still surviving her are as follows :    James Coleman, Isabel Pilgrim, Nathaniel Coleman, William Coleman and Margaret R. Addis, brothers and sisters of said Betsey E. German, each of whom inherits and is entitled, upon the distribution of said estate, to one-tenth of the proceeds of such estate; and that Maude S. German and John E. German, the children of John E. German, deceased, by his second wife, inherit and are entitled, upon distribution, to one-fourth each of the proceeds of said estate.

It was therefore ordered that the administrator of the Nellie German estate, after paying the just claims against said estate, and the costs of administration thereof, and after paying the just claims allowed by the court against the Myrtle J. German estate, and the costs of administration thereof incurred at the present time, shall, thereupon, upon approval of the final report of said administrator, distribute the proceeds of the said Nellie German estate in the manner as above related, and that upon the making of such distribution, said administrator shall be discharged, said estate declared closed, and the administrator of the Myrtle J. German estate discharged and that estate declared closed."

WILLIAMS, LAWRENCE & WELSH and ALVAH S. GREEN, for appellants; ASHCRAFT & ASHCRAFT, of counsel.

EUGENE CLIFFORD and WILLLAM W. FULLER, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

In discussing the question before us, sections 4, 5 and 6 of chapter 4 of the Revised Statutes, in regard to the adoption of children, and chapter 39 of the Statutes, in regard to the descent of property, are to be considered. Sections 5 and 6 are as follows :

Sec. 5. " A child so adopted shall be deemed, for the purposes of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation."

Section 6. " The parents by adoption and their heirs shall take by descent, from any child adopted under this or any other law of this State for the adoption of children, and the descendants, and husband and wife, of such child, only such property as he has taken or may hereafter take from or through the adopting parents, or either of them, either by gift, bequest, devise or descent, with the accumulations, income and profits thereof; and all laws of descent and rules of inheritance shall apply to and govern the descent of any such property, the same as if the child were the natural child of such parents; but the parents by adoption and their heirs shall not inherit any property which such child may take or have taken, by gift, bequest, devise or descent, from his kindred by blood." Hurd's Rev. Stat. 1903, p. 128.

By section 5 the legal status of a child of the adopting parents, born in lawful wedlock, is given to the adopted child, except that such child is excluded from inheriting certain property described in the last part of the section. Considering section 5 alone, it might well be inferred that the adopting parents might be heirs of the child. To say the least this might plausibly be claimed under section 5.

Also, section 4 of the Adoption Act provides that the decree of adoption shall order that, from its date, " the child shall, to all legal intents and purposes, be the child of the petitioner."

By the statute in regard to the descent of property, the heirs of the child, or his descendants, would take all his property of every kind, from whatever source derived. But by section 6, the right of the adopting parents and their heirs, when heirs of the child, is limited as to the property which they may take, namely : " Only such property as he has taken, or may hereafter take from or through the adopting parents, or either of them, either by gift, bequest, devise, or descent, with the accumulations, income and profits thereof; " and out of abundant caution, as it would seem, the section concludes with this language : " But the parents by adoption and their heirs shall not inherit any property which such child may take or have taken, by gift, bequest, devise or descent from his kindred by blood." Section 6 does not constitute the adopting parents, or their heirs, the heirs of the child. It only applies when such adopting parents, or their heirs, as the case may be, are, by the statute in regard to the descent of property, the heirs of their adopted child or his or her descendant, or husband or wife. Section 6 does not change the law of descent. On the contrary, it expressly provides : " And all laws of descent and rules of inheritance shall apply to and govern the descent of any such property, the same as if the child were the natural child of such parents." If the adopting parents, or their heirs, are, by the statute of descents, the heirs of the adopted child, or its descendant, they take as prescribed by section 6. This is illustrated in the present case. On the death of Nellie, the adopted child, Myrtle, her daughter. and, by virtue of the statute of descents, her heir, took the property in question, and the heirs of the adopting parents, who were not, by the statute, Nellie's heirs, took nothing. So that the question of the heirship of the child, or its descendants, or husband or wife, as the case may be, is to be determined by reference to the statute in regard to the

descent of property. In the present case, Myrtle German, the daughter of Nellie German, who was the adopted child of John E. and Betsey E. German, inherited the property which came to her mother, Nellie, from Betsey E. German, and, regarding the status of Nellie E. German as that of a natural child of John E. and Betsey E. German, the specific question is, who are the heirs, by the Statute of Descent, of Myrtle J. German. Myrtle J. German died heir to no property, except that derived directly from her mother, Nellie German, and neither seized nor possessed of any other property. She was less than four months old when she died intestate. She left no child nor descendant of child, nor any parent nor brother nor sister, nor any descendant of such, nor any surviving husband. In such case, the fifth clause of section 1 of chapter 29 of the statutes in regard to the descent of property, provides: "Such estate shall descend in equal parts to the next of kin to the intestate in equal degree, computing by the rules of the civil law, and there shall be no representation among collaterals, except with the descendants or brothers and sisters of the intestate; and in no case shall there be any distinction between the kindred of the whole and the half blood." There is no contest between appellants as to whether the property should be distributed otherwise than in accordance with the order of the Probate Court. In their argument in chief, counsel for the appellants say: "The interests of one set of appellants in this case naturally lead to the wish that the property in controversy might go back in entirety to the heirs (the brothers and sisters) of Betsey German, since this was her absolute property which came from her to Myrtle German; the interests of the other set that it might go in its entirety to the children of John German by his second wife. But the language of the statute indicates so plainly that the heirs of both the adoptive parents shall take the property which has come from them or either of them, that we are all driven to the opinion that both the children of John German by his second wife, and the brothers and sisters of Betsey German, who are the heirs

of the parents by adoption, should take by descent the property which came to Myrtle German from Betsey German, one of the parents by adoption."

In their reply argument counsel say: "The property in this case came from one of the adoptive parents to the descendants of the adopted child. It should go back to the heirs of the adoptive parents, in accordance with the provisions of section 6. Judge Cutting of the Probate Court so held, and he held that the words ' heirs of the parents by adoption' meant heirs of both parents, and that the property should be distributed, one-half to the heirs of John German and one-half to the heirs of Betsey German. We maintain that his decision was just and right, and that decision we ask this honorable court to approve."

There being no contest between appellants, we are not called on to express any opinion as to whether or not the property in question should be distributed, as between appellants, otherwise than as ordered by the Probate Court. If the appellee is excluded from taking, it is immaterial to her to whom the property shall be distributed.

Counsel for appellee contend that the natural kindred of an adopted child are not barred by section 6 from inheriting from the child, or his heir, property derived from or through the parents by adoption. Regarding the adopted child as the natural child of its parents by adoption, we have shown that were it not for the limitation in section 6 of the Adoption Act, the heirs of the adopted child or of the intestate child of such child would take, under the Statute of Descents, all the property of the intestate, and that the limitation in section 6 merely eliminates from the entire property which they would so take, property which the intestate may have taken by gift, bequest, devise or descent from his kindred by blood. We think this a sufficient answer to the contention.

Counsel further contend that Nellie German not having preserved in kind the real property which she inherited from her mother by adoption, Betsey E. German, but having sold the same and converted it into money, which

money was inherited by Myrtle J. German, Nellie's daughter, section 6 of the Adoption Act does not apply. We think this too narrow a view, and contrary to the spirit of the Adoption Act. Section 6 includes not only the property in kind which may have been derived from the parents by adoption, but also the accumulations, income and profits thereof; so that its provisions are not confined to the very property which the child may have taken from its parents by adoption. If the accumulations, income and profits of the property originally taken from the adopted parents, no part of which accumulations, income and profits was so taken, are within the statute, we cannot perceive why money, the proceeds of the sale of property taken from such parents, should not also be held to be within the statute.

Our conclusion being that the appellee took nothing, as heir of Myrtle J. German, deceased, the judgment of the Circuit Court will be reversed.

*Reversed.*