HARRY CONTENT et al., Respondents, v. PETER BANNER, Appellant.

1. CONVERSION — SALE OF SECURITIES BY STOCKBROKER WITHOUT NOTICE OF TIME OR PLACE. Where a stockbroker buys securities for a customer, although he advances the whole amount necessary for the purchase, instead of requiring a margin, the relation of pledgee and pledgor exists between the parties; and a sale of the securities by the broker, without notice of the time and place of sale, constitutes a conversion, in the absence of an agreement dispensing with such notice or providing for otherwise disposing of them.

2. INSUFFICIENT NOTICE. A written notice to take up securities bought under such circumstances, or to supply sufficient margin to carry them, stating that unless the customer made suitable arrangements "before Wednesday next (August 13) we shall sell this stock for your account and hold you responsible for the loss," is defective in that it contains no proper statement as to the time or place of sale; and in the absence of any agreement dispensing with such notice, a sale "on the curb," the customer having failed to respond on the day specified, constitutes a conversion.

*Content* v. *Banner*, 96 App. Div. 625, reversed.

(Argued January 18, 1906; decided February 27, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 20, 1904, affirming a judgment in favor of plaintiffs entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Otto Horwitz* for appellant. The relationship of pledgee and pledgor existed between plaintiffs and the defendant. (*Markham* v. *Jaudon*, 41 N. Y. 235; *Baker* v. *Drake*, 66

N. Y. 518; *Gruman* v. *Smith*, 81 N. Y. 25.) The relation-
ship of a stockbroker to his client being that of pledgee and
pledgor, the stockbroker must, before selling the stock of his
client, the pledgor, give notice of the time and place of sale
to the client, and the mere failure of the client to furnish
margins after notice of decline in the market and a demand
for margins is insufficient to authorize the broker to sell the
stock. (*Lewis* v. *Graham*, 4 Abb. Pr. 106; *Brown* v. *Ward*,
3 Duer, 660; *Taylor* v. *Ketcham*, 5 Robt. 507; *Markham* v.
*Jaudon*, 41 N. Y. 235; *Gruman* v. *Smith*, 81 N. Y. 25;
*Strong* v. *N. M. B. Assn.*, 45 N. Y. 718.) The sale by the
plaintiffs of defendant's stock on the "curb" was an unau-
thorized and improper sale. (*Rankin* v. *McCullough*, 12
Barb. 103; *Usher* v. *Van Vranken*, 48 App. Div. 416; *Brass*
v. *Worth*, 40 Barb. 648; *Dykers* v. *Allen*, 7 Hill, 497;
*Wickes* v. *Hatch*, 62 N. Y. 435; *Ogden* v. *Lathrop*, 65 N. Y.
152; *Brown* v. *Ward*, 3 Duer, 660; *Wheeler* v. *Newbould*,
16 N. Y. 392.) The sale of the defendant's stock by the
plaintiffs being an invalid and illegal sale, constituted a con-
version by the plaintiffs of defendant's stock for which they
were answerable in damages. (*Minor* v. *Beveridge*, 141
N. Y. 399.) The court erred in ruling as a matter of law that
the sale by the plaintiffs of defendant's stock was a lawful and
valid sale, and further erred in ruling as a matter of law that
the amount of plaintiffs' recovery is not to be reduced by rea-
son of any irregularity in the sale or notice of sale, and fur-
ther erred in refusing to submit to the jury the question as to
the damages sustained by the defendant through said sale.
(*Ex parte Coykendall*, 6 Cow. 33; *Carpenter* v. *Sheldon*, 5
Sandf. 97; *Hodgkins* v. *Mead*, 119 N. Y. 172; *Briggs* v.
*Hilton*, 99 N. Y. 531; *Parker* v. *Lanney*, 58 N. Y. 469;
*Hazewell* v. *Coursen*, 81 N. Y. 630; *Ladd* v. *Æ. Ins. Co.*,
147 N. Y. 478; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Ten
Eyck* v. *Whitbeck*, 156 N. Y. 341.)

*Charles E. Rushmore* for respondents. Notice of the
intended sale was sufficient and the defendant is estopped

from criticising the fact or the form of such notice. ( *Wright* v. *Bank of Metropolis*, 110 N. Y. 245 ; *Markham* v. *Jaudon*, 41 N. Y. 239 ; *Stokes* v. *Mackey*, 147 N. Y. 234 ; *Conwell* v. *Haight*, 21 N. Y. 462 ; *Shaw* v. *R. Ins. Co.*, 69 N. Y. 286 ; *Van Tassel* v. *G. Ins. Co.*, 28 App. Div. 163 ; *Hart* v. *Hart*, 45 App. Div. 280 ; *Hicks* v. *B. A. Ins. Co.*, 162 N. Y. 304.)

WILLARD BARTLETT, J.   This action was brought to recover a balance alleged to be due upon a stock transaction in which the plaintiffs acted as stockbrokers for the defendant.

The plaintiffs on April 21, 1900, bought stocks for the defendant, as his brokers, without requiring the advance of any margin by him and carried the same for him for several months when they requested the defendant to receive the shares so purchased and pay the purchase price thereof and their commissions.   He did not comply with this request and thereafter, under date of August 8, 1900, the plaintiffs sent to the defendant a letter, the only portion of which material to this appeal is as follows : " Inasmuch as the stock has not yet been sold we wish to give you a further opportunity to take it up or to supply us with sufficient margin to carry it if you so desire.   If, however, you do not make suitable arrangement in this respect before Monday next (August 13) we shall sell this stock for your account and hold you responsible for the loss."

No further or other notice of the intended sale was given. On August 13, 1900, the stocks were sold by the plaintiffs " on the curb," that is to say, in the roadway near the sidewalk in Broad street in the city of New York, where brokers gather and deal in securities which are not listed at the New York Stock Exchange.   The sale resulted in a loss with which the plaintiffs sought to charge the defendant in this action. The trial judge ruled that the amount of the plaintiffs' recovery was not to be reduced by reason of any irregularity in the notice of sale or by any irregularity in the sale itself ; to which ruling the defendant excepted.   Exception was also taken by the defendant to the refusal of the court to submit

to the jury the question of the market value of the stock and to the refusal to submit the question as to what was the highest market value between August 13 and September 15, 1900. The plaintiffs recovered a verdict for the whole amount claimed.

In this case, although the brokers advanced the whole of the amount necessary to purchase the securities instead of only a percentage thereof (which has come to be commonly known as a margin) the relation between them and their customer was that of pledgees and pledgor, as in *Markham* v. *Jaudon* (41 N. Y. 235), *Baker* v. *Drake* (66 N. Y. 518) and many other cases in this state based upon speculative stock transactions. Under the contract, arising by operation of law, out of the relation between the parties, a sale of the stock by the brokers, without notice of the time and place of sale, constituted a conversion, in the absence of an agreement dispensing with such notice or providing for otherwise disposing of the pledged property. No such stipulation existed here. The notification of the plaintiffs' intention to sell the stock, contained in their letter of August 8, 1900, was manifestly defective and insufficient. It contained no statement of the time when it was proposed to offer the stock for sale nor any intimation whatever as to the place at which it would be sold. The language was such, it is true, as to convey the idea that no sale would be attempted before the following Monday, but there was no other indication in reference to time. It was impossible to gather from the terms of the notice whether the sale would take place on Monday, or a week or a month thereafter, or on any day in the intervening period. As to the proposed place of sale, the notice does not contain a scintilla of information. It requires only the most cursory reading of the letter to lead to the conclusion that if the defendant was entitled to any notice at all of the time and place of the sale of the stocks which the plaintiffs were carrying for him such notice was not furnished by that letter.

But it is suggested that the defendant was not entitled to any notice of sale whatever, because by his answer and upon

the trial he took the position that the stocks were purchased under an arrangement whereby the plaintiffs were bound to sell them for the defendant's account, after carrying them a few days, when instructed to do so; that the defendant ordered them to be sold within three days; and that the plaintiffs neglected to comply with the order, by reason of which the defendant sustained damage to the amount of $525. The jury found against the defendant on this claim, but it is not perceived that there is anything in it which precludes the defendant from insisting that if the plaintiffs were carrying the stocks for him under his agreement to pay for them when required, as the plaintiffs asserted was the fact, they could not lawfully sell the stock without notice.

The sale "on the curb" without notice was clearly a conversion of the pledged stock. "For a conversion of the pledge, the pledgee was liable for the damages sustained by the defendant, but whether they would equal the amount of the claim would depend upon the facts developed." (*Gruman* v. *Smith*, 81 N. Y. 25.) In holding, as he did in substance, that the sale as made was not a conversion, the learned trial judge took the question of the defendant's damages by reason of the conversion out of the case altogether. This, we think, was error demanding a reversal of the judgment, and a new trial should be granted, costs to abide event.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment reversed, etc.