EXECUTORS AND ADMINISTRATORS (§ 495*)—COMPENSATION—SALE OF PLEDGED SECURITIES.

Where testator had pledged, before his death, certain securities for his debts, and they were sold by order of the executors, and the proceeds applied to the debts, and the surplus appropriated by the executors for the benefit of the estate, they are entitled to commissions on the gross proceeds of the sale.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2088–2116; Dec. Dig. § 495.*]

In the matter of the settlement of the account of Frederick M. Bolles and the Morton Trust Company, as executors. Decree rendered.

Winthrop & Stimson (Albert W. Putnam, of counsel), for executors.

Roswell S. Nichols, for legatees.

Jacob I. Bergen, special guardian.

KETCHAM, S. The accounting executors found upon taking office that their testator had pledged certain securities, in one case to a bank to secure a loan made to him by the bank, and in another to a firm of stockbrokers to secure to them the repayment of sums advanced by them in the purchase of the securities on margin for his account. The executors directed the bank, as well as the brokers, to sell the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

securities thus held by them, respectively; and, upon the sale so directed, there was paid to the executors by the pledgees the difference between the proceeds of sale and the sums which the decedent's estate owed to the pledgees. The sum realized from the sales was $117,345, the amount of the indebtedness of the estate was $97,446.07, and the balance paid to the executors was $19,898.93.

Are the executors' commissions to be calculated upon the proceeds of sale, or upon the sum received by them in settlement with the pledgees? The transactions of the decedent have been called "pledges," for they could have no other name or nature. No one will doubt that the contract with the bank was a pledge; and it is equally plain, upon authority, that the arrangement with the brokers was of the same character. Content v. Banner, 184 N. Y. 121, 76 N. E. 913. Hence the decedent retained ownership of the securities, his representatives succeeded to that ownership, and his estate was indebted to the pledgees in the sums for which they held the obligations of the deceased. Under every view which the quality of a pledge permits, the executors receive the gross proceeds of sale, and must have commissions thereon, when the subject of the pledge has been sold by their directions and their debt has been paid from the proceeds. The pledgees made these sales, not in the exercise of the right of disposition secured to them by the contract of pledge, but solely as the agents of the executors; and their custody of the proceeds at the moment of their application to the debts, respectively, was the possession of their principals.

Cases which bear upon the discussion, though not always directly, are as follows: Cox v. Schermerhorn, 18 Hun, 16; Smith v. Buchanan, 5 Dem. 169. In the cases of Baucus v. Stover, 24 Hun, 109, and in Matter of Fulton, 30 Hun, 259, Cox v. Schermerhorn, supra, was distinguished upon grounds which indicated that the commissions were allowable upon the gross proceeds of sale whenever the estate was indebted for an amount to which the proceeds were in part applied. Under statutes with respect to the allowance of commissions, which are in substance like section 2730 of the Code of Civil Procedure, commissions have been allowed in several states upon circumstances practically parallel to those here presented. Huddleston, Adm'r, v. Kempner, 87 Tex. 372, 28 S. W. 936; Wolf's Estate v. Wolf, 36 Tex. Civ. App. 168, 81 S. W. 90; Kiddle v. Mammond, Harper, Eq. (S. C.) 229; Estate of Pease, 149 Cal. 167, 85 Pac. 149; Elder v. Whittemore, 51 Ill. App. 662.

The commissions must be calculated upon the gross proceeds of sale in the two transactions herein set forth.

Decreed accordingly.