(79 Misc. Rep. 42.)

### FAIRCHILD et al. v. FLOMERFELT.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

BROKERS (§ 24*)—TRANSACTIONS ON MARGIN—CALL FOR SETTLEMENT—RIGHT TO SELL.

> A stockbroker's action against a customer, to recover the balance due on margin transactions after having sold the customer out, could not be maintained, where the customer was given no notice of the time of sale.
>
> [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 19; Dec. Dig. § 24.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles N. Fairchild and others, composing the firm of Charles N. Fairchild & Co., against Mary R. Flomerfelt. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Fromme Bros., of New York City (Theodore F. Kuper, of New York City, of counsel), for appellants.

David E. Goldfarb, of New York City, for respondent.

GERARD, J. The action was brought to recover a balance of $345, alleged to be due plaintiffs from defendant as a result of certain transactions, consisting of the purchase and sale by plaintiffs, for and on account of defendant, of cotton. At the trial there was a conflict of testimony between the plaintiffs and defendant as to various orders given by her, and as to whether or not the plaintiffs had agreed to allow her to operate for six weeks, apparently without margin. But the judgment of the court below should be sustained upon the following grounds:

Irrespective of what the exact contract between the parties was, the plaintiffs base their claim upon having sold out the defendant because of her failure to furnish additional margin, and before selling her out they sent her a letter demanding from her a settlement of their special account by payment of it, and stating:

"In the event of your failure so to do before 10 o'clock on Monday morning next, we shall close out your account on the New York Cotton Exchange and hold you responsible for your debit balance."

---

It has been held in the case of Content v. Banner, 184 N. Y. 121, 76 N. E. 913, 6 Ann. Cas. 106, that, the relationship of a cotton or stockbroker to a client being that of pledgee and pledgor, the broker must, before selling the stock or cotton, notify his client, the pledgor, giving notice of the time and place of sale, and that the mere failure of the client to furnish margin after notice is insufficient to authorize the broker to sell out the stock or cotton. In the Content Case the notice read as follows:

"Inasmuch as the stock has not yet been sold, we wish to give you a further opportunity to take it up or supply us with sufficient margin to carry it, if you so desire. If, however, you do not make suitable arrangements in this respect before Monday next, we shall sell the stock for your account and hold you responsible for the loss."

In the case at bar no notice of the time of sale, which is one of the essentials of the notice, was given. There are also cases in this state which hold that a sale on the Exchange is not authorized, because the client, or pledgor, has not an opportunity of entering such place in order to bid and watch the conduct of the sale. Dos Passos on Stockbrokers (2d Ed.) p. 358.

The omission to state the time of sale alone furnishes sufficient reason why the plaintiffs should not recover in this action, and the judgment is therefore affirmed, with costs. All concur.