(Surrogate's Court, New York County. January 19, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟿155—PLEDGED PROPERTY—RETURN BY ADMINISTRATOR.

Petitioner being unable to identify the particular certificate of stock which B., a broker, bought for him, retaining the same as security for the balance of the purchase price, B.'s administratrix cannot be directed to deliver to him, on tender of the balance of price, any of the certificates of such stock in her possession, all of which are claimed by other customers of deceased.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 632, 633; Dec. Dig. ⬤⟿155.]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. EXECUTORS AND ADMINISTRATORS ☞155—TITLE TO PROPERTY—STOCK PLEDGED.

　　The title of shares of stock which B., a broker, bought for petitioner, retaining possession as security for the balance of the purchase, remained in B. at the time of his death, with the relation between them of pledgee and pledgor; such balance not having been paid.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 632, 633; Dec. Dig. ☞155.]

3. EXECUTORS AND ADMINISTRATORS ☞421—CLAIM FOR PLEDGED PROPERTY—REMEDY.

　　Administratrix failing to perform the contract of B., a deceased broker, to purchase for and deliver to petitioner shares of stock, petitioner has a cause of action against her, or a claim against the estate.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1663, 1677; Dec. Dig. ☞421.]

4. EXECUTORS AND ADMINISTRATORS ☞155—PLEDGED STOCK—REMEDY OF PLEDGOR.

　　While a stockbroker can discharge his obligation by returning to a customer the number of shares, though not the identical certificates, pledged with him by a customer for balance of purchase price, yet, the customer being unable to identify those pledged and all on hand being claimed by other customers, the broker's administratrix cannot be directed to purchase and deliver shares to the customer, as this might give him a preference over other creditors of the estate.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 632, 633; Dec. Dig. ☞155.]

In the matter of the estate of Harold E. Boericke, deceased. Heard on application to compel delivery of stock by administratrix. Denied.

Milton Dammann, of New York City (David Michelsohn, of New York City, of counsel), for petitioner.

Max L. Arnstein, of New York City, for administratrix.

FOWLER, S. This is an application to compel the administratrix of decedent's estate to deliver to the petitioner certain shares of stock. The petitioner alleges that the decedent prior to his death was engaged in business as a stockbroker, and that he purchased for the petitioner 100 shares of Standard Motor Company stock, 100 shares of Kennecott Copper Company stock, and 200 shares of the capital stock of the International Mercantile Marine Company. The petitioner further alleges that he paid the decedent $2,400 on account of the purchase price of this stock; that the decedent held the shares of stock as security for the payment of the balance of the purchase price; that the petitioner tendered to the administratrix of decedent's estate such balance, and demanded delivery of the stocks; and that the administratrix has failed to make such delivery. The administratrix in her answer denies that the decedent purchased for the petitioner any stock of the International Mercantile Marine Company, but she admits that the decedent purchased the other shares of stock mentioned in the petition, and that such shares of stock were purchased on margin. She further alleges that she has not in her possession, and did not have at the time of the commencement of this proceeding, any of the shares of stock mentioned in the petition as belonging to the petitioner.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1-4] When the decedent purchased for the account of the petitioner the stocks mentioned in the petition, he did not deliver them to the petitioner, but held them as security for the payment of the balance of the purchase price. The petitioner, therefore, cannot identify the particular certificate or certificates of shares of stock which were received by the decedent when he made the purchase for the account of the petitioner. While the administratrix in her answer denies that she has in her possession the stocks mentioned in the petition, it appeared upon the hearing before me that she has a number of certificates of stock in the companies mentioned in the petition, but that these shares of stock are claimed by other customers of the decedent. In the absence of such allegations in the petition as would enable the court to identify the particular certificates of stock claimed by the petitioner, it cannot direct the administratrix to deliver any of the certificates in her possession.

The shares of stock purchased by the decedent for the account of the petitioner were held by him as security for the payment of the balance of the purchase price, and the title to such shares remained in the decedent, the relation between the decedent and the petitioner being that of pledgee and pledgor. Content v. Banner, 184 N. Y. 121, 76 N. E. 913, 6 Ann. Cas. 106. At the time of decedent's death the balance of the purchase price had not been paid by the petitioner; therefore the title to the shares of stock was in the decedent at the time of his death. If the administratrix fails to perform the contract which the decedent entered into with petitioner for the purchase and delivery of the shares of stock mentioned in the petition, the petitioner has a cause of action against the administratrix or a claim against the estate which may be enforced in the appropriate tribunal, or which may be determined upon the judicial settlement of the account of the administratrix. While it is true that stockbrokers may discharge their obligation by returning the number of shares, though not the identical certificates pledged with them (Carlisle v. Norris, 215 N. Y. 400, 109 N. E. 564), the court cannot direct the administratrix to purchase and deliver to the petitioner the securities claimed by him, as such direction might, in effect, give the petitioner a preference over the other creditors of decedent's estate.

Application denied.