DONALD M. HILL & others, executors, *vs.* TREASURER AND
RECEIVER GENERAL.

Norfolk.    November 17, 1916. — June 1, 1917.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Husband and Wife,* Antenuptial agreement.  *Contract,* Validity.  *Tax,* On lega-
cies and successions.  *Constitutional Law,* Obligation of contracts.

The validity of an antenuptial agreement depends, not on R. L. c. 153, § 26,
relating to such contracts, but on the rules of the common law.

St. 1907, c. 563, § 1, (now St. 1909, c. 490, Part IV, § 1,) took effect on September
1, 1907, and the provision therein as to the imposition of a legacy or succession
tax upon the passing of property "by deed, grant, sale or gift" under § 25 of St.
1907, c. 563, (St. 1909, c. 490, Part IV, § 25,) does not apply where the deed,
grant or gift was made before that statute went into effect.

By an antenuptial agreement a man provided that the woman whom he was about
to marry, if she should become his widow, should receive at the time of his
death $250,000 "for her own property outright with interest from the day
of his death, as a debt against his estate."  By his will he affirmed that
agreement and made the following provision: "It is my wish that said sum
of Two Hundred and Fifty Thousand Dollars ($250,000) shall be paid unto her
within six months of the date of my decease, and when such payment is made,
instead of taking cash my said wife may, if she so elects, choose and take
from and out of my estate, bonds, stocks or other evidences of value to said
amount of Two Hundred and Fifty Thousand Dollars ($250,000), and said
Executors are ordered and directed to transfer and deliver the same unto her."
Upon the husband's death the widow accepted certain securities according to
a list made up by the executors in payment of the amount due her.  The
securities were transferred to her and she acknowledged "full payment of the
amount thus due her."  The tax commissioner imposed a legacy tax upon this
transfer and a petition was brought to abate the tax.  *Held,* that the widow was
a creditor of her husband's estate, that the transfer of the securities by the
executors and their acceptance by the widow was in fact and in law the pay-
ment of a debt by a legacy, and that a legacy in payment of a debt is sub-
ject to a legacy tax under St. 1909, c. 490, Part IV, § 1.

*It seems* that, if the widow had exercised her right to take the $250,000 in cash,
instead of electing to receive the securities in place thereof under the provisions
of her husband's will, the payment of the money to her by the executors would
have been the mere paying of a debt of the testator and not the payment of a
legacy, and therefore would not have been subject to a legacy tax.

In the same case it was *held* that such an application of the statute was not a viola-
tion of art 1, § 10 of the Constitution of the United States, because the obligation
of the contract to pay the widow $250,000 in cash was in no way impaired by
imposing an excise on the privilege of receiving by will the right to elect to take
the payment in the form of securities, where such election had been exercised.

APPEAL from a decree of the Probate Court for the county of Norfolk dismissing a petition of the executors of the will of William H. Hill, late of Brookline, for the abatement of a legacy and succession tax imposed by the tax commissioner on the transfer of certain securities by the petitioners to the widow of the testator alleged to have been made under the provisions of an antenuptial agreement dated April 6, 1906.

The case was heard by *Carroll*, J. The facts are stated in the opinion. The single justice made the following memorandum of decision:

"Mrs. Hill, then Caroline Wright Rogers, on April 6, 1906, in view of her marriage to William H. Hill (which marriage was subsequently solemnized) entered into an antenuptial agreement with him, by which she was to receive on his death the sum of $250,000 'in place of and as a substitute' for all rights, claims and interests to which she may hereafter be entitled in or to of the property or estate of every kind, real or personal, belonging to him," in the event that the marriage should take place and she should become his widow.

"Mr. Hill died October 14, 1913, leaving a will. It seems to me that Mrs. Hill on the death of her husband became entitled to the $250,000 by reason of the marriage settlement or antenuptial agreement and that she did not take the $250,000 and it did not pass to her by the will of her husband or by the laws regulating intestate succession. While Mr. Hill made a will which was duly probated, and the will refers to the antenuptial agreement, I think that her rights under the agreement were independent of the will and that the said amount of $250,000 is not taxable under the statute as it then was. I therefore think that the decree of the Probate Court should be reversed."

By order of the single justice a final decree was entered reversing the decree of the Probate Court and ordering that the petition for the abatement of taxes be granted and that the case be remitted to the Probate Court for further proceedings in accordance with this decree. The Treasurer and Receiver General appealed.

St. 1907, c. 563, § 25, reënacted in substance in St. 1909, c. 490, Part IV, § 25, is as follows: "This part shall not apply to estates of persons deceased prior to the date when chapter five hundred and sixty-three of the acts of the year nineteen hundred

and seven took effect, nor to property passing by deed, grant, sale or gift made prior to said date; but said estates and property shall remain subject to the provisions of law in force prior to the passage of said chapter."

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.

*C. L. Favinger,* (*D. M. Hill* with him,) for the petitioners.

LORING, J.   Before their marriage Mr. and Mrs. Hill entered into a contract by which he agreed that in consideration of the contemplated marriage she should "have out of his property and estate at the time of his death if she shall then be his widow, the sum of Two Hundred and Fifty Thousand ($250,000) dollars for her own property outright with interest from the date of his death, as a debt against his estate," and she agreed to accept the same in discharge of all her rights in or to his property real and personal.   By a will made afterwards Mr. Hill first affirmed that agreement and then made this provision:   "It is my wish that said sum of Two Hundred and Fifty Thousand Dollars ($250,000) shall be paid unto her within six months of the date of my decease, and when such payment is made, instead of taking cash my said wife may, if she so elects, choose and take from and out of my estate, bonds, stocks or other evidences of value to said amount of Two Hundred and Fifty Thousand Dollars ($250,000), and said Executors are ordered and directed to transfer and deliver the same unto her."   After Mr. Hill's death "The executors made up a list of certain securities, the property of the estate, which they desired to turn over to Mrs. Hill in payment of the amount due her under the agreement; that Mrs. Hill looked over this list and also over a list of other securities held by the executors and agreed to accept the securities suggested by the executors in payment of the amount due her."   Later these securities were transferred to her and she gave a receipt "acknowledging full payment of the amount thus due her."   The tax commissioner imposed an inheritance tax upon the property thus transferred to Mrs. Hill. This petition was brought for the abatement of that tax.   The Probate Court made a decree dismissing the petition.   From that an appeal was taken to this court.   The decree was reversed by a single justice of this court and from that decree the appeal was taken which is now before us.

The petitioners have based an argument on the particular pro-

visions of R. L. c. 153, § 26. Their contention is that the validity of the antenuptial agreement between Mr. and Mrs. Hill depends upon that statute. But the validity of an antenuptial agreement depends upon the rules of the common law, *Miller* v. *Goodwin*, 8 Gray, 542, 543, *Sullings* v. *Richmond*, 5 Allen, 187, 190, and not upon that statute. *Jenkins* v. *Holt*, 109 Mass. 261. For that reason this argument need not be considered.

No question arises in this case under the clause in St. 1909, c. 490, Part IV, § 1 (as amended by St. 1912, c. 678, § 2) as to property passing "by deed, grant or gift." The antenuptial contract between Mr. and Mrs. Hill was made April 6, 1906, and by the provisions of § 25 of the original act, St. 1907, c. 563, (now St. 1909, c. 490, Part IV, § 25,) it is provided that that clause does not apply where the deed, grant or gift was made prior to the date when the original act went into effect. That date was September 1, 1907.

It is plain that the assets of a testator or intestate used in paying his debts are not subject to an inheritance tax. See *McCurdy* v. *McCurdy*, 197 Mass. 248, 252.

We are of opinion that by force of the antenuptial agreement Mrs. Hill became a creditor of the estate. That agreement was in terms that she should receive from his estate the sum of $250,000 "as a debt against his estate." If Mrs. Hill had asked for and received from the executors of her husband's will $250,000 in cash, no inheritance tax could have been imposed upon the sum so paid. For a decision to that effect see *Matter of Baker*, 178 N. Y. 575, affirming 83 App. Div. (N. Y.) 530, on opinion below.

But under her husband's will Mrs. Hill had a right to take the $250,000 in cash or "if she so elects, [she had a right to] choose and take from and out of my [his] estate, bonds, stocks or other evidences of value to said amount" in payment of that debt. Mrs. Hill elected to take "bonds, stocks or other evidences of value" in payment of the debt due her amounting to $250,000. It has been contended that this provision of her husband's will was nothing more than a direction to the executors as to the way in which he wished this debt of $250,000 to be paid and that the standing of Mrs. Hill as a creditor was not affected by this direction of the testator to his executors nor by the transfer to her of the securities in payment of this debt. But a direction to an

executor to pay a debt in securities specified by the testator or in securities to be selected by the creditor is something more than a direction to the executor to pay the debt. It gives to the creditor (at least at his election) a right to the securities named by the testator or to the securities which the testator has said the creditor shall have a right to select. It is not necessary however to dwell upon this because in the case at bar such a right was given in terms to Mrs. Hill. The transfer and acceptance of these securities by Mrs. Hill was in fact and in law a legacy in payment of a debt. The inheritance tax law of the Commonwealth (St. 1909, c. 490, Part IV, § 1) applies to all cases where property or an interest therein passes by will. It is not confined to cases where property or an interest therein so passes as a gratuity. It includes cases where property or an interest therein passes by will in performance of an obligation resting upon the testator to devise or bequeath the property in question. *Clarke* v. *Treasurer & Receiver General,* 226 Mass. 301, or where as in the case at bar the legacy is given in payment of a debt. Not only is this plain as matter of construction of the statute but it is established as a matter of authority in all jurisdictions where (so far as we know) the question has arisen. *Matter of Gould,* 156 N. Y. 423. *Carter* v. *Craig,* 77 N. H. 200. *State* v. *Mollier,* 96 Kans. 514. For a case in New York reviewing the earlier cases see *Matter of Kidd,* 188 N. Y. 274. See in this connection *Turner* v. *Martin,* 7 De G., M. & G. 429.

The petitioners' last contention is that the exaction of a tax under circumstances of this case would be unconstitutional within art. 1, § 10 of the Constitution of the United States providing that "No State shall . . . pass any . . . law impairing the obligation of contracts." It is plain from what has been said that this contention is without foundation. The obligation of the contract was that Mrs. Hill should receive and Mr. Hill should pay $250,000 in cash. The tax is due because by his will Mr. Hill gave his wife the option of taking a legacy in satisfaction of her rights as a creditor and she elected to do so.

The result is that the decree of the single justice reversing the decree of the judge of probate must be reversed and the decree of the judge of probate dismissing the petition must be affirmed. It is                                                             *So ordered.*