---

(No. 14474.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
C. R. TOMBAUGH, Exr. *et al.* Appellees.

*Opinion filed April 19, 1922—Rehearing denied October 5, 1922.*

1. INHERITANCE TAX—*when amount of exemption is determined by prior conveyance and not by will.* An inheritance tax is a tax on the right of succession to the beneficial interest in property, and where a husband purchases a farm and causes the title to be taken in the name of his second wife, who agrees verbally that she will devise the property equally among his children and her own, the amount of the exemption as to the step-children of the testatrix under a will carrying out the trust is determined by virtue of the conveyance of the beneficial interest from their father and not by virtue of the will.

2. TRUSTS—*when Statute of Frauds cannot be set up to avoid express trust resting in parol.* An express trust resting in parol is not absolutely void even though it may not be enforcible should the Statute of Frauds be relied on as a defense, and when the trust has been executed it is as good and valid as if it had been in writing; nor can strangers set up the statute to defeat a parol trust agreement.

APPEAL from the County Court of Livingston county; the Hon. RAY SESLER, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, VIRGIL L. BLANDING, and RICHARD M. O'CON-NELL, for the People.

E. A. SIMMONS, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment of the county court of Livingston county finding no inheritance tax was due on the estate of Addie E. Allen, who died testate. She was the widow of Dr. Joel Allen, who died about ten years before her death. Dr. Allen had been previously married and had six children by his first wife and one child by the widow, who survived him. All of the seven children survived Addie E. Allen. Before his death Dr. Allen purchased 160 acres of farm land and a residence in Pontiac and caused the deeds to be made to his wife, Addie. The proof shows, without contradiction, that at the time this was done there was a verbal agreement made between Dr. Allen and his wife that she would will the property at her death to the seven children, equally. The reasons given by Dr. Allen to friends for having the title to the property put in his wife were, that his memory was failing; that he desired his wife to have the control and benefit of the property during her life and at her death she would divide it equally among the children. By the fifth paragraph of her will Mrs. Allen directed her executor to sell the real estate and personal property, and after paying her son, Wayne L. Allen, $1200, and her step-daughter, Gertrude Allen, $500, to distribute the remainder of the proceeds equally among the seven children. The proof showed that none of the children would receive $20,000, but appellant contends that the step-children of Mrs. Allen were strangers in blood to her within the meaning of section 1 of the Inheritance Tax act and were only entitled to $100 exemption. Appellees' position is, that the beneficial interest in the property did not pass to the children by the will of Mrs. Allen; that she held the title in trust for them and the beneficial interest passed to them from their father, and that they are entitled to $20,000 exemption.

The inheritance tax is not a tax on property but is a tax on the right of succession to the beneficial interest in

property. (*People* v. *Griffith,* 245 Ill. 532; *People* v. *Union Trust Co.* 255 id. 168.) If Dr. Allen had the legal title conveyed to his wife in trust for the children, then the beneficial interest passed to them from their father and the county court correctly held it not subject to the tax, as none of the beneficiaries received or will receive anything above the exemptions the law provides.

Appellant contends the agreement of Mrs. Allen to hold the property in trust for the children and leave it to them by will at her death was an unenforcible agreement to make a will; that it was an express trust, and being in parol was within the Statute of Frauds and void. An express trust resting in parol is not absolutely void even though it may not be enforcible, if the Statute of Frauds is relied on as a defense, where performance of the trust is sought to be enforced. Trusts very similar to the one here involved have been enforced as constructive trusts. (*Stahl* v. *Stahl,* 214 Ill. 131; *Ward* v. *Conklin,* 232 id. 553; *Hilt* v. *Simpson,* 230 id. 170.) A parol agreement which the Statute of Frauds requires to be in writing, is, when performed, as good and valid as if it had been in writing. (*Swanzey* v. *Moore,* 22 Ill. 63; *Jones* v. *Jones,* 281 id. 595.) Mrs. Allen always recognized and admitted she held the beneficial interest in the property for the children and by her will performed the trust. The Statute of Frauds cannot be invoked to avoid a contract which has been carried into execution. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Wood,* 189 Ill. 352; *Pearce* v. *Pearce,* 184 id. 289.) It is also well settled that the Statute of Frauds can not be interposed by strangers to the agreement. *Pasquay* v. *Pasquay,* 235 Ill. 48, and cases there cited.

The judgment of the county court was right, and it is affirmed.

*Judgment affirmed.*