(No. 28347.—

*In re* ESTATE OF ANNA JOHNSON.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE FIRST NATIONAL BANK OF CHICAGO, Exr., Appellee.)

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago, of counsel,) for appellant.

SIDLEY, AUSTIN, BURGESS & HARPER, and MOSES, KENNEDY, STEIN & BACHRACH, (MERRITT C. BRAGDON, and WALTER H. MOSES, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the People from an order of the county court of Cook county, holding certain bequests under the last will and testament of Anna Johnson, deceased, not subject to inheritance tax. The facts are undisputed.

In a postnuptial written contract, entered into between the decedent and her husband, Thorwald Johnson, dated October 9, 1912, the decedent agreed that in consideration of the payment to her of $10,000, by her husband, on or before March 1, 1913, she would bequeath a one-sixth part of her estate to his four children by a former marriage. It is agreed that the $10,000 was actually paid to the decedent before March 1, 1913, in accordance with the contract. The husband and one of the children predeceased

Anna Johnson. She died on March 22, 1942, leaving a will which was admitted to probate by the probate court of Cook county.

By the third paragraph of her last will and testament, after setting out the provision in the contract under which she had agreed to bequeath one sixth of her estate to the four children of her husband by a former marriage, and in an alleged fulfillment of the contract, she bequeathed a one-twenty-fourth part of her estate to each of the three surviving children. She recited in said paragraph that she had made no provision for the other child, because such child had predeceased her. Obviously, she believed that she was obligated to bequeath to each child a one-twenty-fourth part of her estate, instead of an aggregate of one sixth to all.

After the death of Anna Johnson, the three surviving children of her husband claimed that under the contract of October 9, 1912, they were legally entitled to one sixth of the decedent's net estate, whereas, she had only bequeathed to said surviving children the one-eighth part thereof in the aggregate,—one twenty-fourth to each. This dispute, however, was settled by agreement with the executor and the residuary legatees. Under this settlement agreement, the three surviving children were to receive a full one-sixth part of the estate, less the sum of $1000. The record shows that the estate had all been reduced to cash, or its equivalent, and had a net value of approximately $95,000. It may be observed in passing that the one-sixth part of the net estate was about equal to the $10,000 paid to the decedent by her husband on March 1, 1913, with interest thereon at the prevailing current rate, computed from that date to the date of the death of the deceased. It is conceded by appellant that the contract was based upon a full and adequate consideration; that it was entered into in good faith and with no intent or purpose of an evasion of the tax. The sole question involved is

whether the bequest, made in fulfilment of a valid contract to make such bequest, is subject to inheritance tax.

Inheritance taxes are imposed by section 1 of the Inheritance Tax Act. (Ill. Rev. Stat. 1943, chap. 120, par. 375.) That section imposes a tax upon the transfer of any property or of any interest therein in the following cases: "1. When the transfer is by will or by the intestate laws of this State, from any person dying seized or possessed of the property while a resident of the State. 2. When the transfer is by will or intestate laws of property within the State, or having a taxable situs in this State and not subject to inheritance, succession or estate tax in the state of the decedent's residence, and the decedent was a nonresident of the State at the time of his death."

The tax imposed by the above section is not a tax on property but is a tax on the right of succession to the beneficial interest in property. (*People* v. *Union Trust Co.* 255 Ill. 168; *People* v. *Griffith,* 245 Ill. 532.) The decisive question is whether the right of succession to the beneficial interest in the property bequeathed, passed under the contract or under the will. If this right passed under the contract, it is not subject to the tax. If such right is founded upon the will alone, it is taxable.

Appellant contends that property passes under the contract and not under the will only where the contract obligates the testator to devise or bequeath specifically described and designated property, or has obligated himself to bequeath or devise property of a specified and designated value, or to bequeath a specific sum of money, to named or ascertainable persons. In all other cases, it is contended that the property passes under the will, and not under the contract.

That a contract to devise or bequeath property, if fairly entered into and based upon a valid and adequate consideration, will be enforced, is well established. (*Barrett* v. *Geisinger,* 179 Ill. 240.) Where the contract is to de-

vise specific and designated property, like a piece of real estate, the equitable title vests in the beneficiaries, under the contract. Thereafter the testator holds the legal title in trust for their benefit. Such contracts may be specifically enforced. (*People* v. *Tombaugh,* 303 Ill. 591.) Where the contract is to bequeath a definite sum of money or property of specific value, no title passes under the contract, but the beneficiaries become creditors of the estate to that extent. Where there is a breach of the contract to make the bequest, the remedy is a claim against the estate in the nature of a claim for damages for such breach. *Downing* v. *Harris Trust and Savings Bank,* 318 Ill. 323.

It is conceded by appellant that this rule applies to contracts to bequeath a specific sum of money or property of a designated value. It is contended, however, that a different rule should be applied where the contract is to bequeath an aliquot part of an estate instead of money or property of a specific and designated value. We know of no reason, and none has been suggested, which we regard as sound, why the same rule should not apply to both classes of contracts. In the case of a contract to bequeath a specific sum of money or property of specific value, the principle on which such contracts are enforced is that the promisee is entitled to have, out of the estate, the amount designated, if the testator leaves sufficient assets. In all such cases the testator is free to use and dispose of his entire estate during his lifetime. If no estate is left, the contract is unenforceable because there are no assets out of which the promise can be made good. There is no trust relation and no lien on any property. The rights of the promisee rest solely upon the contract, and his ability to enforce it. To that extent the performance of the contract is contingent and uncertain. Its enforcement depends solely upon the amount of the net assets of the estate. The beneficiaries may receive all or a part, only, of the amount designated, depending upon the value of the assets.

Contracts to make a bequest of a definite aliquot part of an estate are just as definite and certain. The only difference is that the amount of the claim is determined only by the amount of the assets of the estate. The promise is to bequeath a definite part of the net assets, if the testator leaves any assets at all. When the bequest is made, the beneficiaries, under both types of contracts, are entitled to succeed to a beneficial interest in a specific part of the estate. The right of succession to the beneficial interest in the property arises out of the contract and not under the will.

It is contended by appellant that the statute imposes a tax upon every transfer by will, even though the devise or bequest is made in satisfaction of a pre-existing contract. In support of this contention, the People cite and rely upon *Hill* v. *Treasurer and Receiver General,* 227 Mass. 331, 116 N. E. 509; *In re Gould's Estate,* 156 N. Y. 423, 51 N. E. 287, and *State* v. *Mollier,* 96 Kans. 514, 152 Pac. 771.

*Hill* v. *Treasurer* involved an antenuptial contract. By the contract the husband agreed, in consideration of the contemplated marriage, to pay to his wife, at his death, if she be then living, the sum of $250,000. By his will he bequeathed to her the sum of $250,000. The will also gave the widow an option under which, instead of taking cash, she was authorized, if she elected so to do, to take bonds and other securities belonging to the estate, of the value of $250,000. After his death she exercised this option and selected securities belonging to the estate of the value of $250,000. In the course of the opinion it was said that if Mrs. Hill had asked for and received, from the executors of her husband's estate, $250,000 in cash, no inheritance tax could have been imposed upon the sum so received, for the reason that such payment would have been in accordance with the contract. But, inasmuch as

she elected to take securities under the option given her by the will, it was held that she had taken, under the will, securities to which she was not entitled under the contract, and the transfer was subject to the tax.

. In the case of *Gould's Estate,* the testator provided, in a codicil to his will, for the payment of $5,000,000 to his son as compensation for services rendered by the son in the business of the testator, during his lifetime. The will further provided for the payment of a certain part of the bequest in cash, and for the delivery to the beneficiary of certain securities, making up the aggregate value, with the cash payment, of $5,000,000. It was assumed in the opinion that the testator actually owed to his son $5,000,000 for services rendered, and that he had validly contracted with the son to bequeath to him that amount in payment for such services. Nevertheless, the will gave to the son certain specific securities designated therein, which were accepted by the son. Clearly, the legatee took these securities under the will and not under the contract. Having taken the securities bequeathed to him by the will, the bequest was obviously subject to the tax. It is true that some general statements are found in the opinion in that case which, standing alone, tend to support appellant's contention. But when the entire opinion is considered in the light of the nature of the contract for the payment for the services rendered by the son, and the character of the legacy given, the case does not support the contention.

Both of the above cases were based upon the proposition that the legatees or beneficiaries took specific securities bequeathed to them by the will, which they were not entitled to receive under the contract. Both cases recognize the fact that if the beneficiaries had taken what they were entitled to under the contract, there could have been no tax. But in both cases they took something under the will to which they were not entitled under the contract. We

think these cases, instead of sustaining the contentions of appellant here, are contrary to those contentions and do not support them. The remaining case cited and relied upon in this connection is the case of *State* v. *Mollier,* a decision by the Supreme Court of Kansas. The facts do not sufficiently appear, from the opinion in that case, to determine exactly upon what ground the conclusion was reached. Nevertheless, as a precedent, we do not regard that case as controlling here.

The clear distinction pointed out in the above cases is whether the will changes the rights vested under the contract, or whether the will gives the legatees the right of succession to a beneficial interest in property different from that to which they are entitled under the contract. If the only purpose of the will is to carry out the terms of an existing contract, the right of succession to the beneficial interest in the property arises under the contract, and not under the will.

In this case, the children of the husband were, under the contract, entitled to succeed to the beneficial interest in one sixth of the net estate of the wife. In case of breach of the contract, their remedy would have been a claim for damages for such breach. The measure of the damages would be the value of that interest at the time of the death of the testatrix. (*Downing* v. *Harris Trust and Savings Bank,* 318 Ill. 323.) The will neither increased, diminished, enlarged nor changed the rights under the contract. If no will had been made, those rights would have been exactly the same.

In *People* v. *Tombaugh,* 303 Ill. 591, it was held that the devisees had a beneficial interest in certain real estate under the contract. In the case at bar, the beneficiaries have a contract right to receive a certain aliquot part of the net estate of the deceased. In both cases the rights of the beneficiaries, whatever their nature, originated in, and arose out of, the contract.

·The right of the beneficiaries here to receive one sixth of the net estate did not arise nor pass to them under the will. The will was merely the fulfillment or means of carrying out the terms of the contract. The beneficiaries had a legal, enforceable claim against the estate for an amount equal to a one-sixth part thereof. The will was only confirmatory of the contract. It gave them nothing different. They were, to that extent, creditors of the estate. The will was only the means adopted for carrying out the transaction. It neither created nor changed the rights of the beneficiaries.

We think this conclusion is in accordance with the great weight of authority. It is amply supported, not only by the cases cited by appellant, when those cases are properly analyzed and considered, but by numerous other cases. It is unnecessary to extend this opinion by quotations from such other cases, but the following may be cited as amply sustaining the conclusion reached: *In re Baker's Estate,* 83 App. Div. 530, 82 N. Y. Supp. 390, affirmed without opinion in 178 N. Y. 575, 70 N. E. 1094; *In re Orvis' Estate,* 223 N. Y. 1, 119 N. E. 88; *In re Vanderbilt's Estate,* 184 App. Div. 661, 172 N. Y. Supp. 511, affirmed without opinion in 226 N. Y. 638, 123 N. E. 893; *In re Schmoll's Estate,* 191 App. Div. 435, 181 N. Y. Supp. 542, affirmed without opinion in 230 N. Y. 559, 130 N. E. 893; *In re Koeffler's Will,* 218 Wis. 560, 260 N. W. 638; *Bente v. Bugbee,* 103 N. J. L. 608, 137 Atl. 552; *In re Rath's Estate,* 10 Cal. 2d 399, 75 Pac. 2d 509.

The fact that the will only bequeathed to the three surviving children an aggregate of one eighth of the estate did not operate to change the contract. In a dispute between the executor and the other legatees and devisees, as to the amount the three surviving children were entitled to, a compromise was reached under which they will receive the one-sixth part of the estate, less $1000. They also succeeded, under the contract, to the beneficial interest in

434

the difference between the one eighth bequeathed to them by the will and the amount they will actually receive under the settlement. In our opinion neither the bequests nor the additional amount they will receive under the settlement were subject to an inheritance tax. The county court did not err in so holding.

The order of the county court of Cook county is affirmed.

*Order affirmed.*