(No. 32167.—

In the Matter of the Estate of Clarence A. Greiner. —(Roland R. Hurford, Exr., *et al.,* Appellants, *vs.* The People of the State of Illinois, Appellee.)

*Opinion filed September 17, 1952.*

Harold L. Feigenholtz, and Immenhausen, Banovitz & Balin, both of Chicago, (Eugene A. Busch, of counsel,) for appellants.

Ivan A. Elliott, Attorney General, of Springfield; (William C. Wines, of Chicago, of counsel,) for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This is an appeal by the executor from an order entered by the county court of Cook County assessing an inheritance tax in the estate of Clarence A. Greiner, deceased, on a bequest to the divorced wife of the decedent.

On February 2, 1928, a decree of divorce was entered by the superior court of Cook County in the case of Lucille Storer Greiner v. Clarence A. Greiner, which provides, *inter alia:*

"The Court further finds that the parties hereto have made a settlement of their respective property rights and that the defendant is to pay the complainant the sum of Thirty-Seven Hundred Fifty Dollars ($3,750.00) in cash; the sum of Five Hundred Dollars ($500.00) per month alimony, the first payment to be made on the 2nd day of February, 1928; the sum of Fifteen Hundred Dollars ($1,500.00) to the complainant for solicitor's fees; the defendant has contemporaneously with the execution of this decree executed his Will whereby he has irrevocably bequeathed to the complainant, providing that she survives the defendant and has not remarried, the sum of Fifty Thousand Dollars ($50,000.00), and provided that should the defendant alter this provision of his Will, the complainant shall be entitled to her dower right in the event that she survives the defendant and has not remarried; and the defendant is to pay the costs of this suit.   *   *   *

"It is further Ordered, Adjudged and Decreed that the complainant Lucille Storer Greiner shall be entitled to all her property rights, including the right of dower in the defendant's property, providing that she survive the defendant and has not remarried, and providing further that the defendant has not in his Last Will and Testament bequeathed to the complainant the sum of Fifty Thousand Dollars ($50,000.00) in cash payable after the payment of all his just debts and funeral expenses, in which event the

said Fifty Thousand Dollars ($50,000.00) when, as and if paid out of the said estate to the complainant, shall be in full settlement of all dower and property rights of the complainant in and to the assets of the estate of the defendant."

Clarence A. Greiner died June 28, 1947, leaving a will, the second paragraph of which provided:

"I give, devise and bequeath to my former wife, Lucille Storer Greiner, in compliance with our divorce decree provided she survives me and has not remarried, the sum of Fifty Thousand Dollars ($50,000.00), which sum is to be paid out of my Estate after the payment of all my just debts and funeral expenses, provided, however, that my Executor, out of my residuary estate, shall pay any and all succession taxes and all other State or Federal Inheritance taxes levied against this bequest. If the said Lucille Storer Greiner has remarried before my death and survives me, then and in such event, this bequest shall lapse and shall fall into the residuary estate hereinafter created."

On December 21, 1950, county judge Edmund K. Jarecki entered an order assessing and fixing a tax against this $50,000 legacy in the amount of $5588. The executor filed a petition for appeal to the county court, the order was affirmed by the county court, and the executor appeals to this court.

The executor contends that this bequest of $50,000, being pursuant to a decretal finding and judgment, was enforceable as a judgment debt against the estate and that therefore no inheritance tax could legally be assessed against such bequest.

The State contends that all the property rights here involved, both the $50,000 bequest and the widow's rights surrendered in consideration of that bequest, were rights created by Illinois statutes of descent, distribution, dower, and testate and intestate succession and are therefore subject to the inheritance tax. There is no suggestion that the motive here was tax evasion or avoidance.

Section 1 of the Inheritance Tax Act (Ill. Rev. Stat. 1951, chap. 120, par. 375,) imposes a tax on the transfer of any property or any interest therein, "when the transfer is by will or by the intestate laws of this State, from any person dying, seized or possessed of the property while a resident of the State." This tax has been held to be a tax on the right of succession to the beneficial interest in the property and is not a tax on the property or on the estate. "An inheritance tax is not upon the property itself, but upon the right to succeed to the property * * *. The succession to the ownership of property being by permission of the State, the State can impose conditions in granting such privilege or permission." *People* v. *Griffith,* 245 Ill. 532; *People* v. *Union Trust Co.* 255 Ill. 168; *In re Estate of Johnson,* 389 Ill. 425.

The law is well settled that a contract to devise or bequeath property is a valid and binding contract and will be enforced (*Anson* v. *Haywood,* 397 Ill. 370,) and we have held that where the contract is to bequeath a definite sum of money or property of specific value, no title passes under the contract but the beneficiaries become creditors of the estate to that extent; and if the only purpose of the will is to carry out the terms of an existing contract, the right of the succession to the beneficial interest in the property arises under the contract and not under the will. *In re Estate of Johnson,* 389 Ill. 425.

In the case of *People* v. *Tombaugh,* 303 Ill. 591, a husband purchased real estate and had title taken in the name of his second wife on her verbal agreement to will the property to his six children by a former marriage and his one child by the second wife. All seven children survived the wife and in her will she directed the executor to sell all the real estate and personal property, pay certain specific legacies, and to distribute the remainder of the proceeds equally among the seven children. The State contended the six stepchildren of testatrix were strangers in

blood to her within the meaning of section 1 of the Inheritance Tax Act and were therefore only entitled to $100 exemptions. The court held that the second wife held the property in trust for the children; by her will performed the trust; that the beneficial interest in the property passed to the children from their father and not from testatrix by her will and the interests were therefore not subject to the tax.

In *In re Estate of Johnson*, 389 Ill. 425, the decedent and her husband entered into a postnuptial agreement wherein decedent agreed in consideration of $10,000 paid to her by the husband, to bequeath a one-sixth part of her estate to his four children by a former marriage. Decedent made bequests to the children in compliance with this agreement and one of the questions presented was whether these bequests were subject to the tax. In answering this question in the negative, the court, at page 433 of the opinion, stated: "The right of the beneficiaries here to receive one sixth of the net estate did not arise nor pass to them under the will. The will was merely the fulfillment or means of carrying out the terms of the contract. The beneficiaries had a legal, enforceable claim against the estate for an amount equal to a one-sixth part thereof. The will was only confirmatory of the contract. It gave them nothing different. They were, to that extent, creditors of the estate. The will was only the means adopted for carrying out the transaction. It neither created nor changed the rights of the beneficiaries."

The appellee here contends that the rationale of these cases is that where there is an *inter vivos* contract, founded upon a valid consideration, to devise or bequeath property to another, the legatee or devisee takes the property, not by virtue of the will, but by the contract *which is supported by a consideration independent of the laws of succession to decedent's estate.* In *In re Estate of Johnson,* appellee argues, the husband paid $10,000 cash and purchased an

interest in the wife's estate for the benefit of his children; and in the *Tombaugh case* the husband purchased the real estate and furnished the consideration to testatrix by the conveyance to her. The instant case, appellee contends, is distinguishable in that here there is no consideration for the contract independent of the wife's rights under the statutes of descent. But for the contract the wife here would have been entitled to dower or the elective estate in fee simple in lieu of dower, either of which would be subject to the tax. By the contract she accepts, in lieu of her statutory inheritance, the $50,000 bequest, in effect giving as consideration for the bequest only her taxable rights of succession.

Appellee has cited no cases to support its argument and we have been unable to find any. Nor have we found any cases in which the theory of a consideration independent of the laws of succession has been presented or discussed. The apparent reasoning of the courts, in all the cases cited and discussed by the parties here, has been that this tax is a tax upon the right of succession conferred by the State, and when the beneficiary takes the property by contract or otherwise, the transfer is not subject to an inheritance tax. In *Hill* v. *Treasurer,* 227 Mass. 331, 116 N.E. 509, cited and approved in *In re Estate of Johnson,* the husband, by antenuptial agreement, in consideration of the contemplated marriage, agreed to pay his wife at his death, if she be then living, the sum of $250,000. By his will he bequeathed her this amount and in addition gave her an option to take securities instead of cash. The widow exercised the option and took securities instead of the cash, and inheritance tax was imposed. In the course of the opinion the court said that if the widow had taken the cash, no tax could have been imposed because she would be taking under the contract "as a debt against his estate," but by exercising the option given her by the will she was

taking under the terms of the will and the transfer was taxable.

We are of the opinion that, in the instant case, the effect of the decretal order of the superior court in the divorce proceeding was to create a debt against the estate of Clarence Greiner in payment of all his marital financial obligations to Lucille Storer Greiner. The consideration for this debt was not her inheritance rights alone but included all her marital property rights. The will of decedent was merely the means employed to comply with the decree and pay the debt created by the decree. The legatee took the $50,000 awarded to her by the superior court as a creditor of the estate and not under the laws of succession created and conferred upon her by the State, and this legacy is therefore not subject to the imposition of the tax under the Inheritance Tax Act.

The county judge should not have entered the order imposing the tax on the legacy to Lucille Storer Greiner, in the estate of Clarence Greiner, deceased, and that order should not have been affirmed by the county court of Cook County. The judgment of the county court is reversed and the order of the county judge is set aside.

*Judgment reversed.*